THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNTHIA DARRINGTON, *et al.*,<br><br>             Plaintiffs,<br><br>    v.<br><br>ASSESSMENT RECOVERY OF WASHINGTON, LLC, *et al.*,<br><br>             Defendants. | CASE NO. C13-0286-JCC<br><br>ORDER |

This matter comes before the Court on the parties' joint motion for class notice (Dkt. No. 57), Plaintiffs' motion for summary judgment (Dkt. No. 58), and Plaintiffs' motion to compel mediation (Dkt. No. 59). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the joint motion for class notice as explained herein; DENIES Plaintiffs' motion for summary judgment without prejudice to re-filing once the class has received notice and had an opportunity to opt out of this case; and DENIES Plaintiffs' motion to compel mediation.

I.    <u>**BACKGROUND**</u>

This matter is a class action lawsuit in which Plaintiffs Cynthia Darrington, Johanna Smith, and James McAdam allege that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; the Washington Collection Agency Act ("WCAA"), Wash. Rev. Code §§ 19.16.110–240; and the Washington Consumer Protection Act ("WCPA"),

Wash. Rev. Code §§ 19.86.010–920. (*See* Dkt. No. 53.) Plaintiffs are condominium owners from whom Assessment Recovery of Washington, LLC ("ARW") attempted to or did collect unpaid monthly assessments owed to condominium owners' associations and an allegedly unlawful 35 percent collection fee. Plaintiffs name as defendants ARW; Assessment Recovery, Limited; Escape Velocity Enterprise Limited; and the owner of each of these entities, Darron Hay. (*Id.* at ¶¶ 4.1–4.7.) The Court previously certified an Umbrella Class and two sub-classes. (Dkt. No. 55.) When the classes were certified, the Court directed the parties to jointly submit a proposed notice that would be sent to class members.

The Court now has before it three motions. The first is the parties' joint motion for class notice, in which the parties present the proposed Class Notice and method for dissemination. (Dkt. No. 58.) The second motion, filed contemporaneously with the joint motion for class notice, is Plaintiffs' motion for partial summary judgment as to Defendants' liability. (Dkt. No. 58.) And finally, Plaintiffs filed contemporaneously a motion to compel Defendants to participate in a private mediation. (Dkt. No. 59.) The Court considers each motion in turn.

## II. DISCUSSION

### A. Joint Motion for Class Notice

In accordance with this Court's class certification order, the parties submitted a joint motion for approval of form and dissemination of class notice. (Dkt. No. 57.) The parties agree on the content of the proposed class notice and that the notice should be mailed to each individual class member using their last known address. (*Id.* at 3.) However, they dispute whether the class notice should also be provided to condominium owners' associations ("COAs"). Plaintiffs argue that sending the notice to class members' COAs, as well as mailing the notice to individual class members, will ensure that notice is provided to class members whose names were not included in Defendants' records or who may not receive the notice in the mail. (*Id.* at 4.) Defendants explain that it is speculative to believe that there are class members who were not included in their comprehensive internal database; that the COAs are under no

obligation to further disseminate the notice; that notification of the lawsuit and its allegations may be disparaging to the COAs, which individual condominium owners may fault for their decisions to work with Defendants; and that notifying COAs of the allegations could be disparaging to Defendants. (*Id.*)

The Court has reviewed the parties' motion and finds the proposed class notice and method of distribution to be in accord with Rule 23's requirements. *See* Fed. R. Civ. P. 23(c)(2)(B) (requiring best notice that is practicable under the circumstances and establishing specific notice requirements for classes certified under Rule 23(b)(3)); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175–76 (1974) (notice must be mailed to individual class members where class member can be identified through reasonable effort); *accord Bensinga v. United States*, 923 F.2d 133, 136 (9th Cir. 1991). The Court agrees with Defendants that the class notice need not be sent to the COAs, however, as the COAs would be under no obligation to further disseminate the notice and Plaintiffs have offered no reason to believe that there are additional class members beyond those listed in Defendants' internal records. The Court approves the notice and distribution method as proposed with the exception that it need not be provided to the individual COAs.

Accordingly, the Court hereby ORDERS:

1.  On November 13, 2013, the Court has certified a class, referred to as the "*Umbrella Class*" as follows:

> All consumers who purchased a condominium for personal use or residential use in the state of Washington and who were sent a collection demand by Defendants and/or had a lien placed on their property by Defendants for amounts that included collection fees, interest, or costs which had not been incurred by Defendants' clients, homeowners' or condominium associations.

The Court also certified two separate sub-classes, the *"FDCPA Sub-Class"* and the *"WCAA/WCPA Sub-Class."* These sub-classes are defined as follows:

> *FDCPA Subclass:* All members of the Umbrella Class from whom Defendants attempted to collect, or collected money from after September 4, 2011.

ORDER
PAGE - 3

*WCAA/WCPA Subclass*:  All members of the Umbrella Class from whom Defendants collected money or recorded a lien against the member's property after September 4, 2008.

2. The Court approves, as to form and content, the class notice attached as Exhibit A to the Parties' Joint Motion for Approval of Form and Dissemination of Class Notice. (Dkt. No. 57, Ex. A.)

3. The Court finds that the mailing and distribution of the class notice substantially in the manner and form set forth in paragraphs four and five below, constitutes the best notice practicable under the circumstances, including individual notice to all class members, and constitutes valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. Notice shall be disseminated by Plaintiffs in the following manner:

- Garden City Group ("GCG"), a class action administration service, will disseminate notice to all class members.
- The class notice will be mailed to the last known address of class members. The last known address will be determined through Defendants' records and by utilizing the National Change of Address Database prior to the initial mailing.
- For any returned mail received within 60 days of the initial mailing of the class notice, GCG will run an advanced address search. If the advanced address search returns a new address, the class notice will be re-mailed to the new address.
- Class members will have 90 days from the date of mailing to opt out. The class notice provides instructions to class members on how to opt out of the class. The opt out process simply requires that absent class members send a signed request to opt-out to class counsel, which references the litigation,

states the class member's name, address, and phone number, states that the person is a class member, and contains a statement that the class member wishes to opt out. If a class member's notice is returned as undeliverable, they shall have 90 days from the date the notice is re-sent to the new address to opt out.

5. Notice will be disseminated consistent with the following schedule:

| Notice mailed to class members | Within 15 days after Order Granting Joint Motion for Approval of Form and Dissemination of Class Notice is entered by the Court |
|---|---|
| Last day for class members to opt out | 90 days from date of mailing if mail not returned as undeliverable<br><br>90 days from date of re-mailing if original notice returned as undeliverable |

6. Plaintiffs shall file with the Court a declaration or affidavit of the mailing consistent with paragraphs four and five above.

### B. Plaintiffs' Motion for Summary Judgment

The Court also has before it Plaintiffs' motion for partial summary judgment, which was filed contemporaneously with the joint motion for class notice. (Dkt. No. 58.) Plaintiffs seek a ruling as to Defendants' liability under the FDCPA, WCPA, and WCAA. In the motion, Plaintiffs argue that the Court may appropriately consider the motion even though the class members have not yet received notice because Defendants implicitly waived protection under the "one way intervention rule" when, earlier in the litigation, they suggested that the parties file cross-motions for summary judgment. Defendants oppose Plaintiffs' motion. They assert, *inter alia*, that consideration of Plaintiffs' summary judgment motion would deprive them of the one-way intervention rule's protection. They further argue that merely suggesting cross-motions for summary judgment early in the case to avoid the cost of additional litigation is not a *per se*

waiver of the one-way intervention rule's protection, especially where those cross motions were not actually filed and the Court has already certified the class (but not yet provided notice).

It is well established that "district courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995); *see Gomez v. Rossi Concrete, Inc.*, No. C08-1442, 2011 WL 666888, at *1 (S.D. Cal. Feb. 17, 2011) ("Absent extraordinary circumstances, it is appropriate to postpone ruling on a plaintiff's motion for summary judgment until after class definition issues are settled, notice has been given, and the period for class members to exclude themselves has expired[.]"). The "one way intervention" rule, embodied in Federal Rule of Civil Procedure 23(c)(2), exists to "prevent the intervention of a plaintiff in a class action after an adjudication favoring the class ha[s] taken place[, since] the plaintiff would not otherwise be bound by an adjudication in favor of the defendant." *Gessele v. Jack in the Box, Inc.*, No. C10-0960, 2012 WL 3686274, at *3 (D. Or. Aug. 24, 2012) (quotations omitted); *Khasin v. Hershey Co.*, No. C12-1862, 2014 1779805, at *2 (N.D. Cal. May 5, 2014) ("The doctrine is 'one-way' because a plaintiff would not be bound by a decision that favors defendant, but could decide to benefit from a decision favoring the class.") If a defendant files his own motion for summary judgment before the class is certified and notice is provided, however, he waives "any right to compel the plaintiff to notify the class of the pending action." *Schwarzschild*, 69 F.3d at 295.

A ruling on Plaintiffs' summary judgment motion is premature and, if rendered, would prejudice Defendants. While the Court has certified the class, notice has not yet been provided to class members. Providing a ruling as to Defendants' liability before class notice could well present the very situation Rule 23(c)(2) and the one-way intervention rule are meant to preclude—namely, if the Court were to address the parties' summary judgment motion and rule in Defendants' favor, that ruling would not bind the class members who had not received notice

and an opportunity to opt out of the lawsuit beforehand.[1] Finally, the Court notes that a decision on Plaintiffs' summary judgment motion will not significantly delay the case or result in unnecessary expenditure since the class is already certified and the only step that remains to be completed before considering the summary judgment motion is class notification.

While courts have discretion to rule on a summary judgment motion before class certification and notification, under certain circumstances, they generally exercise that discretion only when a defendant consents to the procedure or otherwise waives their objection to a pre-notification ruling. Here, Defendants expressly object to Plaintiffs' summary judgment motion and invoke the one-way intervention rule. While they may have suggested cross-motions for summary judgment earlier in the case, the Court does not find such an action to constitute a waiver where Defendants did not, in fact, file a motion for summary judgment and do not affirmatively consent to consideration of the motion in their current briefing. Accordingly, the Court denies Plaintiffs' motion for summary judgment without prejudice to re-filing once class notice is provided and the period for class members to opt out has expired.

### C. Plaintiffs' Motion to Compel Mediation

Finally, Plaintiffs seek to compel Defendants and their insurance carrier to participate in a private mediation under Local Rule 39.1 and Federal Rule of Civil Procedure 16. Plaintiffs argue that Defendants have, in bad faith, "instructed [] counsel to engage in protracted and unnecessary litigation in an attempt to intentionally exhaust the eroding policy under which [Defendants are] insured." (Dkt. No. 59.) Defendants Assessment Recovery of Washington, LLC, Assessment Recovery Limited, and Darron Hay, oppose Plaintiffs' request. They state that they are "electing not to settle because [they] seek[] a determination on the merits of plaintiffs' claim[,]" and explain that a finding that their collection practices are lawful will assist in the recovery of

---

[1] In reaching this conclusion, the Court expresses no position on the merits of Plaintiffs' summary judgment motion. Instead, it merely notes that it is premature to reach the issue and decides that the safer course of action, for all parties involved, is to postpone ruling on the merits until class members have received notice and an opportunity to opt out of the lawsuit.

ORDER
PAGE - 7

unpaid fees from clients who declined to make payments in light of this lawsuit. (Dkt. No. 61.) Defendants further state that the nefarious motives Plaintiffs attribute to them do not actually drive their desire to litigate, as they merely seek to have their day in Court so that they may receive a dispositive ruling—an outcome that settlement cannot offer. (*Id.*)

The Court declines to require the parties to mediate at this stage of the proceedings. The Court has the authority to require mediation, even over a parties' objection, where doing so could yield significant benefits. Local Rules W.D. Wash. CR 39.1(a)(4) (participation in ADR is voluntary unless court orders parties to participate); *see EEOC v. Evans Fruit Co., Inc.*, 872 F.Supp.2d 1107, 1116 (E.D. Wash. 2012). However, ARW, ARL, and Mr. Hay have made clear that they do not wish to mediate or otherwise settle this lawsuit absent a ruling as to the dispositive legal question from this Court. Requiring mediation, in the Court's view, will serve no real purpose other than increasing the amount of attorneys' fees expended by all parties. Because the class is already certified, notice will soon be sent to class members, and the Court will soon rule on summary judgment motions (in accordance with the timeline established herein), the Court believes that the better course is to allow the litigation to proceed in the most efficient manner possible. Requiring mediation over Defendants' vehement objection and effective guarantee that they will not settle this matter will not serve that purpose.

The Court notes, however, that it previously vacated the status conference in this matter. Now that class notice will be provided and the pending motions have been resolved, the parties are directed to file a status report after the opt-out period has concluded that contains the parties' proposed case management dates. The Court will then set a status conference at that time and determine whether mediation would be useful to the parties.

### III. CONCLUSION

For the foregoing reasons, the parties' joint motion for class notice (Dkt. No. 57) is GRANTED; Plaintiffs' motion for summary judgment is DENIED without prejudice; and Plaintiffs' motion to compel mediation is DENIED.

1   DATED this 5th day of August 2014.

                                            John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE